UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PREZERV TECHNOLOGIES, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Civil Action No. __-_____ |
| ALESSANDRO MORARI, GIACOMO DOMENICONI, BARTOLOMEO GARAFOLO, and SOLIDIUM AI, INC., | : |
| | : |
| Defendants. | : |
| | : |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Alessandro Morari ("Morari"), Giacomo Domeniconi ("Domeniconi"), Solidium AI, Inc. ("SAI") (collectively, the "Removing Defendants") hereby remove this action from the Superior Court Department of the Trial Court, Business Litigation Section, Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts. The basis for removal is two-fold: (1) diversity jurisdiction under 28 U.S.C. § 1332; and (2) pursuant to 28 U.S.C §1331(a) as it applies to a federal question. In support of removal, Defendants state the following:

**THE FACTUAL AND PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

1.  On or around November 9, 2021, Plaintiff Prezerv Technologies, Inc. ("Preserv") filed a complaint against the Removing Defendants in Massachusetts Superior Court, Suffolk County (the "Removed Action"). A true and correct copy of Plaintiff's Complaint, along with

copies of all process, pleadings, and orders that have been filed in the Superior Court action, is attached hereto as Exhibit "A."

2. The Removing Defendants accepted service of process on November 24, 2021, through their undersigned counsel.

3. Removing Defendants file this Notice of Removal within thirty (30) days of service, as required by 28 U.S.C. § 1446(b)(1).

4. The Removing Defendants have not answered, or otherwise responded to, the Verified Complaint.

5. On November 24, 2021, the Removing Defendants sent a form to Defendant Bartolomeo Garofalo to obtain his consent to filing the within notice of removal to federal court.

6. On November 24, 2021, Defendant Bartolomeo Garofalo provided his consent to the removal of the above-captioned action to this Court. A copy of the form of consent signed by Mr. Garfolo is attached as Exhibit B.

7. The District of Massachusetts embraces the place where the action is pending, and, therefore, venue is proper under 28 U.S.C. § 1441(a).

**GROUNDS FOR REMOVAL**

8. This Court has diversity jurisdiction over the Removed Action under 28 U.S.C. § 1332, which confers jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between … citizens of different States."

9. The Removed Action may be removed to this Court as set forth in 28 U.S.C. §§ 1441 and 1446 because (i) complete diversity exists between Plaintiff and Defendant and (ii) the matter in controversy exceeds the sum of $75,000 exclusive of interests and costs.

10. The Removed Action may be removed to this Court pursuant to 28 U.S.C §1331(a) as the complaint embraces a question of federal law.

## THE COURT HAS DIVERSITY JURISDICTION.

11. Based on the allegations in Plaintiff's Complaint, it asserts claims against the Defendants alleging misappropriation of Trade Secrets in Violation of Mass Gen Laws ch. 93 §42, misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act pursuant to 18 U.S.C. §1836, misappropriation of Trade Secrets in Violation of the Computer Fraud and Abuse Act ("CFAA"), misappropriation at common law, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, conversion, tortious Interference with Advantageous Business Relations, unjust enrichment, civil conspiracy, violation of MGL ch. 93A § 11 and a declaratory judgment.

12. Plaintiff in its Complaint seeks relief for general, double, and treble damages plus attorneys' fees which when taken together will exceed the monetary amount of $75,000.00.

13. The District of Massachusetts has diversity jurisdiction because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, as required by 28 U.S.C. § 1332.

14. Defendant Alessandro Morari is an individual and citizen of the State of New York. A copy of Mr. Morari's New York State driver's license is attached as Exhibit C.

15. Defendant Giacomo Domeniconi is an individual and citizen of the State of New York. A copy of Mr. Domeniconi's New York State driver's license is attached as Exhibit D.

16. Defendant Solidium AI, Inc., is a corporation formed in the State of Delaware with its principal place of business in the State of New York. See records filed with the Secretary of State in the State of Delaware evidencing this and attached as Exhibit E.

17. Defendant Garofalo is an Italian National who is domiciled in the United Kingdom.

### THE COURT HAS A FEDERAL SUBJECT-MATTER JURISDICTION.

18. Plaintiffs Complaint alleges as per Count II misappropriation of Trade Secrets In Violation of the Defend Trade Secrets Act pursuant to 18 U.S.C. §1836.

19. Defend Trade Secrets Act is a Federal Statute pursuant to 18 U.S.C. §1836.

20. Plaintiffs Complaint thereby invokes a Federal Law in its allegations against the Defendants.

21. This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C §1331(a), as federal subject-matter jurisdiction exists because Plaintiff is pursuing remedies for breaches of a federal law

22. Venue for the removal properly lies in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1441(a) because this district embraces the place where the State Court Action is pending.

WHEREFORE, Defendants Alessandro Morari, Giacomo Domeniconi, and Solidium AI, Inc respectfully request that this action, now pending in the Superior Court Department of the Trial Court Business Litigation Section, County of Suffolk, City of Boston in the State of Massachusetts, be removed therefrom to this Court and that further proceedings in this action be conducted in this Court as provided by law.

Dated:  November 29, 2021

                                              Respectfully submitted,

                                              */s/ Ernest Edward Badway*
                                              Ernest Edward Badway
                                              BBO No. 562641
                                              **Fox Rothschild LLP**
                                              101 Park Avenue, 17th Floor
                                              New York, New York 10178
                                              (212) 878-7915 (Telephone)
                                              (212) 692-0940 (Fax)
                                              EBadway@foxrothschild.com
                                              Attorneys for Alessandro Morari, Giacomo Domencioni and Solidium AL, Inc

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PREZERV TECHNOLOGIES, INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. __-_____ |
| ALESSANDRO MORARI, GIACOMO DOMENICONI, BARTOLOMEO GARAFOLO, and SOLIDIUM AI, INC., | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Ernest Edward Badway, do hereby certify that on November 29, 2021, I served a copy of the foregoing Notice of Removal with Exhibits A through D, Civil Coversheet, and Category Form on the following via e-mail and FedEx:

Raymond P. Ausrotas, Esq.
William F. McGonigle, Esq.
rausrotas@arrowoodllp.com
wmcgongigle@arrowoodllp.com
ARROWOOD LLP
10 Post Office Square, 7th Floor South
Boston, MA  02109

/s/  Ernest Edward Badway
Ernest Edward Badway (BBO # 562641)